IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM H. PHILLIPS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * |
| | * |
| LEW DICKEY, et al; | * |
| | * |
| Defendants. | * |

**FIRST AMENDED COMPLAINT**

Comes now Plaintiff, William H. Phillips, and makes this Complaint against Defendants, Lew Dickey, Cumulus Licensing, L.L.C., formerly known as Cumulus Licensing Corp., Cumulus Broadcasting, L.L.C., formerly known as Cumulus Broadcasting, Inc., Cumulus Media, Inc., Ken Johnson; and .com+, l.l.c., (Dotcom):

1.  Plaintiff William H. Phillips, (Phillips), is an Alabama resident.

2.  Defendant Lew Dickey, (Dickey), is a Georgia resident, who has sufficient minimum contacts with the State of Alabama to support personal jurisdiction.

3.  Defendant Cumulus Licensing, L.L.C., is a Nevada Limited Liability Company, formerly known as Cumulus Licensing Corp., a Nevada corporation, which at all material times was doing business in the Mobile County, Alabama.

4.  Defendant Cumulus Broadcasting, L.L.C., is a Nevada Limited Liability Company, formerly known as Cumulus Broadcasting, Inc., a Nevada corporation, which at all material times was doing business in the Mobile County, Alabama.

5.  Defendant Cumulus Media, Inc., is a Nevada corporation, which at all material times was doing business in the Mobile County, Alabama.

6.      In this pleading, unless specifically stated otherwise, the term "Cumulus" shall collectively refer to Cumulus Licensing, L.L.C., Cumulus Licensing Corp., Cumulus Broadcasting, L.L.C., Cumulus Broadcasting, Inc. and Cumulus Media, Inc.

7.      Barry D. Wood, (Wood), is not a party in this case owing to his bankruptcy proceeding, however, he is a relevant person who will be mentioned in this pleading based on his actions and conduct with the named Defendants.

8.      Defendant Ken Johnson, (Johnson), is an Alabama resident whose principal place of residence is in Mobile County, Alabama.

9.      Defendant .com+.l.l.c. (Dotcom) is an Alabama Limited Liability Company with its principal place of business in Mobile County, Alabama.

10.     On or about September 16, 1999, Phillips filed suit in Mobile County, Alabama against Barry Wood alleging an ownership interest in two radio stations operating in Mobile, Alabama, namely WAVH and WZEW.

11.     On or about November 3, 2000, Wood filed a voluntary petition under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Virginia. Wood's bankruptcy case is styled as *In re Wood*, Bankr. No. 00-14460-RGM.

12.     Phillips' lawsuit against Wood resulted in a jury verdict for Phillips on April 5, 2001, from which Wood perfected an appeal to the Alabama Supreme Court.

13.     By written valid contract dated May 1, 2002, Phillips and Wood entered into a "Settlement Agreement". Pursuant to this Settlement Agreement, upon the sale of WAVH and WZEW, $2,100,000.00 of the first $6,100,000.00 and 40% of all sale proceeds above the first $6,100,000.00 belonged to Phillips in satisfaction of all of his

claims against Wood and Wood agreed to dismiss his appeal to the Supreme Court of Alabama.

14. At all material times, Dickey, Cumulus, Johnson and DotCom had knowledge of the Settlement Agreement and the contractual relationship between Wood and Phillips.

15. Subsequent to the execution of the Settlement Agreement, Cumulus and Wood entered into an Asset Purchase Agreement to obtain the assets of WAVH (FM) Radio Station, (WAVH-APA) and DotCom and Wood entered into an Asset Purchase Agreement to obtain the assets of WZEW (FM) Radio Station, (WZEW-APA). Both the WAVH-APA and the WZEW-APA were subject to approval by the Federal Communications Commission, (FCC), and were contracted to close upon the FCC granting such approval.

16. The Bankruptcy Court issued an Order (the "Confirmation Order"), dated May 15, 2002, confirming Wood's third amended plan or reorganization (the "Plan"), that incorporated the Settlement Agreement, and approved Wood's sale of WAVH and WZEW pursuant to the WAVH-APA and WZEW-APA.

17. The involved Bankruptcy Court Confirmation Order incorporated the provisions of the Settlement Order, thereby providing Phillips the right to receive approximately $2,460,000.00 of the sales proceeds from the two Asset Purchase Agreements.

18. Wood and DotCom also entered into a Local Marketing Agreement (WZEW-LMA) allowing DotCom to operate WZEW until the WZEW-APA was consummated.

19. Wood and Cumulus also entered into a Local Marketing Agreement (WAVH-LMA) allowing Cumulus to operate WAVH until the WAVH-APA was consummated.

20. In to-wit 2004, Wood conspired with Dickey and Cumulus for Cumulus to terminate the WAVH-APA. Dickey and Cumulus agreed with Wood that Cumulus would terminate said WAVH-APA in order to aid Wood's effort to "wrestle" away Phillips' rights under the Settlement Agreement and/or to eliminate Phillips' rights to the proceeds of the sale of WAVH Station Assets to Cumulus with the benefit to Dickey and/or Cumulus that Wood would thereafter enter in more favorable agreements with Cumulus.

21. By letter dated September 9, 2004, Cumulus, separately and/or in conjunction with Dickey, terminated the WAVH-APA. The termination of the WAVH-APA was wrongful and constituted a violation of the terms of said WAVH-APA.

22. Dickey and/or Cumulus tortuously interfered with the contractual agreement between Phillips and Wood existing under the terms of the Settlement Agreement and/or the Bankruptcy Court Confirmation Order of May 15, 2002. Termination of the WAVH-APA was a civil wrong that was done intentionally and with malice to aid, abet and assist Wood's wrongful efforts to establish conditions allowing him to terminate the Settlement Agreement.

23. The property which is the subject matter of the WAVH-APA and the Settlement Agreement is located in the State of Alabama and Phillips is an Alabama resident injured by said civil wrong.

24. In to-wit 2004 or early 2005, Wood conspired with Johnson and DotCom to obtain DotCom's termination of the WZEW-APA.

25. Wood expressed to Johnson that it was Wood's intention to create an "atmosphere in front of the [bankruptcy] court" that would allow Wood to terminate the Settlement Agreement with Phillips and/or to eliminate Phillips' rights to the proceeds of the sale of WZEW assets to DotCom.

26. Johnson and DotCom terminated the WZEW-APA with the benefit to Johnson and/or DotCom being that Wood would thereafter enter in more favorable agreements with DotCom.

27. By letter dated January 20, 2005, Johnson and/or DotCom, separately and/or in jointly, terminated the WZEW-APA. The termination of the WZEW-APA was wrongful and constituted a violation of the terms of said WZEW-APA.

28. Johnson and DotCom tortuously interfered with the contractual agreement between Phillips and Wood under the terms of the Settlement Agreement and/or the Bankruptcy Court Confirmation Order of May 15, 2002. Termination of the WZEW-APA was a civil wrong that was done intentionally and with malice to aid, abet and assist Wood's wrongful efforts to establish conditions allowing him to terminate the Settlement Agreement.

29. Johnson and DotCom acted within the State of Alabama. The property which is the subject matter of the WZEW-APA and the Settlement Agreement is located in Alabama and Phillips, an Alabama resident, was injured by said civil wrong.

30. On March 7, 2006, Wood entered into a new Asset Purchase Agreement with DotCom for the sale of WZEW Station Assets for a sales price of $2,484,000.00, containing terms that were advantageous to DotCom.

31. On July 19, 2005, Wood entered into a new Asset Purchase Agreement with Cumulus and DotCom for the sale of the WAVH Station Assets and the WZEW Station Assets for an increased sales price of $9,200,000.00 of which $2,484,000.00 was allocated to the sale of WZEW Station Assets, containing terms that were advantageous to Cumulus.

32. At all material times and for each act and/or omission complained of in this lawsuit, Dickey, Cumulus, Johnson and DotCom, by prearrangement or on the spur of the moment, entered upon a common enterprise or adventure and did conspire to commit a civil wrong by the tortuous interference with the contractual agreement between Phillips and Wood so as to do harm and injury to Phillips.

33. At all material times and for each act and/or omission complained of in this lawsuit, Dickey, Cumulus, Johnson and DotCom, individually and/or jointly, did aid, abet and/or assist Wood in wrongfully terminating the Settlement Agreement so as to eliminate, diminish or cause to be eliminated such benefits as Phillips was otherwise entitled to receive under the terms of the known, existing and advantageous contractual relationship between Phillips and Wood.

34. As a proximate result of the acts and/or omissions complained of herein, Phillips has been caused damages in that he has been denied the benefits of the Settlement Agreement for which he bargained, he has been caused to suffer emotional distress and mental anguish, he has been caused to incur additional expenses in protecting

his lawful interest, all to his detriment and injury. Phillips' damages are in excess of this Court's jurisdictional minimum.

35.   The acts and wrongs done by Dickey, Cumulus, Johnson and Dotcom, separately and jointly, were done with malice.

WHEREFORE, these premises considered, Plaintiff, William H. Phillips, demands judgment against Defendants, Ken Johnson; .com+, l.l.c., (Dotcom), Lew Dickey, Cumulus Licensing, L.L.C., formerly know as Cumulus Broadcasting Corp., Cumulus Broadcasting, L.L.C., formerly know as Cumulus Broadcasting, Inc., and Cumulus Media, Inc., jointly and separately, for compensatory and punitive damages in excess of this jurisdictional minimum plus costs of court.

**PLAINTIFF DEMANDS TRIAL BY JURY**

                                                   s/ E. J. Saad
                                                  E. J. Saad (SAADE8614)
                                                  Attorney for Plaintiff

                                                  s/ David F. Walker
                                                  David F. Walker  (WALKD2617)
                                                  Attorney for Plaintiff

OF COUNSEL:

CROSBY SAAD LLC
6404 Hillcrest Park Court
Mobile, Alabama a 36695
Telephone: 251-476-3000
Fax: 251-776-5750
ejsaad@crosbysaad.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 20th day of October, 2006, served a copy of the foregoing by mailing the same by United States Mail, properly addressed and first class postage prepaid to the following:

Steven L. Nicholas, Esq.
Olen, Nicholas & Copeland, P.C.
Post Office Box 1826
Mobile, Alabama 36633

Henry A. Callaway, Esq.
Hand, Arendall, LLC
Post Office Box 123
Mobile, Alabama 36601

s/ E. J. Saad
E. J. Saad